Filed 7/27/23  Ivanoff v. Rushmore Loan Management Services CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARINA IVANOFF,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RUSHMORE LOAN<br>MANAGEMENT SERVICES, LLC,<br><br>    Defendants and Respondents. | B323241<br><br>(Los Angeles County<br> Super. Ct. No. 22STCV12119) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Marina Ivanoff, pro. per., for Plaintiff and Appellant.

Wright, Finlay & Zak, T. Robert Finlay and Todd E. Chvat for Defendants and Respondents.

## INTRODUCTION

After entering into a loan modification agreement, a borrower sued a lender and its employee, alleging breach of contract, statutory violations, and related tort claims.  The trial court sustained a demurrer to the complaint without leave to amend and dismissed the action with prejudice.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because this matter comes before us from a judgment of dismissal following the sustaining of a demurrer, our summary of facts is limited to those pled in the complaint and in the attached exhibits.  (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 504–505.)  To the extent there was a conflict between the complaint and an exhibit, the facts contained in the exhibit supersede any inconsistent or contrary allegations in the complaint.  (*Id.* at p. 505.)

In November 2007, plaintiff and appellant Marina Ivanoff obtained a loan secured by a deed of trust on her Los Angeles home.  At some point, Caliber Home Loans, Inc. started servicing Ivanoff's loan.  In May 2020, the servicing of her loan was transferred to defendant and respondent Rushmore Loan Management Services, LLC (Rushmore).

As of May 29, 2021, Ivanoff's home was appraised at $1,126,000.  Around the same time, on July 8, 2021, her home was appraised at a lower valuation of $900,000.

On July 26, 2021, Rushmore notified Ivanoff that her loan was significantly delinquent, but she was approved for a three-month trial plan to modify her existing loan.  The plan required Ivanoff to make three monthly payments of $6,021.39 each, beginning September 1, 2021.  If Ivanoff tendered all three trial payments, the loan would be permanently modified at

2

a more affordable monthly rate. The approval letter was signed by defendant and respondent Michael Wesley, a Rushmore employee.

Ivanoff completed the trial modification, and as a result, her loan was permanently modified in January 2022 at nearly the same monthly payment amount as the trial modification plan ($6,021.51 and $6,021.39, respectively). Under the loan modification agreement, Ivanoff owed $1,254,051.37 as of December 1, 2021, and the monthly payments were calculated based on that amount.

On April 11, 2022, Ivanoff, in pro. per., filed a verified complaint against Rushmore and Wesley (collectively, defendants) alleging breach of contract, violations of the federal Truth in Lending Act (TILA) (15 U.S.C. § 1601 et seq.) and California's unfair competition law (UCL) (Bus. & Prof. Code, § 17200), negligent infliction of emotional distress, and a preliminary injunction.[1] The gravamen of the complaint was that Rushmore utilized a "higher appraisal figure" of her home ($1,126,000 instead of $900,000) to calculate the monthly payments, "contrary to what was represented, resulting in a higher monthly payment."

On July 18, 2022, defendants filed a demurrer, arguing Ivanoff failed to state facts sufficient for all five causes of action. In conjunction with the demurrer, defendants requested judicial notice of documents related to Ivanoff's loan modification agreement.

On August 15, 2022, the trial court sustained the demurrer without leave to amend. Based on the appellate record before us, the court did not rule on the request for judicial notice or refer to any document in the request

---

[1]     We note that "'[i]njunctive relief is a remedy, not a cause of action.' [Citation.]" (*Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1187.)

3

for judicial notice in its ruling.[2]  Therefore, we will infer that the court did not consider these documents and disregard any reference to them on appeal.[3]

On August 30, 2022, the court entered judgment dismissing the action with prejudice.  Ivanoff timely appealed.

## DISCUSSION

Ivanoff contends the trial court erred in sustaining the demurrer to the complaint without leave to amend.

### A.  *Standards of Review*

A demurrer tests the legal sufficiency of the challenged pleading. (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.)  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action on any theory. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)  We review de novo a trial court's ruling on a demurrer.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 51 (*Allen*).)

The plaintiff bears the burden of demonstrating the demurrer was sustained erroneously.  (*Allen, supra*, 234 Cal.App.4th at p. 52.)  As in all appeals, it is the responsibility of the appellant to support claims of error with meaningful argument and citation to authority.  (*Allen, supra*, at p. 52; see Cal. Rules of Court, rule 8.204(a)(1)(B).)  "When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration.  [Citations.]  In addition,

---

[2]      There is no reporter's transcript of the hearing.

[3]      Neither party has requested judicial notice.

4

citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen, supra,* at p. 52; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 104.) Self-represented litigants are subject to the same rules as litigants who are represented by legal counsel. (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344–345; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

When a trial court sustains a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Blank, supra,* 39 Cal.3d at p. 318.) If we find an amendment could cure the defect, we conclude the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. (*Ibid.*) The plaintiff has the burden of proving that an amendment would cure the defect. (*Ibid.*; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

B. *Analysis*

Applying these well-established principles, we agree with defendants that Ivanoff has not made any discernible argument that the trial court erred in sustaining the demurrer on the following causes of action in the complaint: violations of TILA and UCL, negligent infliction of emotional distress, and preliminary injunction. (See *Paterno v. State of California, supra,* 74 Cal.App.4th at p. 106.) We decline to address these undeveloped claims. (See *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984–985.)[4]

---

[4] As noted by defendants, Ivanoff has also violated the rule that requires an appellant to present legal authority and factual analysis on each point made, supported by appropriate citations to material facts in the record.

Generously construed, Ivanoff's briefing appears to challenge the trial court's order only insofar as it sustained the demurrer with respect to the cause of action for breach of contract. "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) To prove breach, the plaintiff is required to prove the defendant failed to do something the contract required the defendant to do, or the defendant did something the contract prohibited the defendant from doing. (See *Gabriel v. Wells Fargo Bank, N.A.* (2010) 188 Cal.App.4th 547, 553, fn. 3.)

The complaint fails to allege how defendants breached the loan modification agreement. It does not allege how defendants failed to adhere to the agreement or acted in a way prohibited by it. Rather, Ivanoff contends defendants breached the loan modification agreement by utilizing the "higher appraisal figure" of her home, "contrary to what was represented, resulting in a higher monthly [loan] payment." This allegation is not sufficient to constitute a breach of contract claim as it challenges the validity of the loan modification agreement itself, not that defendants acted contrary to the terms of the agreement (See CACI No. 303 [on a cause of action for breach of contract the plaintiff must prove that defendant "failed to do something that the contract required [it] to do"].) However, this allegation is directly contradicted by the terms of the loan modification agreement, which expressly utilized the amount owed on the loan in calculating the monthly payments and made no reference to the value of her home. Thus, any

---

(*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655; see Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)

6

appraisal report was irrelevant to the terms of the agreement. We conclude Ivanoff has failed to demonstrate the trial court erred in sustaining the demurrer to the complaint.

Regarding the trial court's order denying leave to amend, Ivanoff does not attempt to show that any amendment could cure the defects alleged in the complaint. Therefore, we must conclude the trial court did not abuse its discretion in sustaining the demurrer without leave to amend. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44; *Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)

## DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.

7