Filed 5/19/22  Sweetflower Pasadena v. City of Pasadena CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SWEETFLOWER PASADENA LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CITY OF PASADENA, <br><br> Defendant, <br><br> INTEGRAL ASSOCIATES DENA, LLC, <br><br> Real Party in Interest and Appellant. | B312412 <br><br> (Los Angeles County Super. Ct. No. 20STCP03212) |

APPEAL from an order of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Carlson & Nicholas, Richard A. McDonald for Real Party in Interest and Appellant.

No appearance for Defendant.

Nossaman, Artin N. Shaverdian, Gabriela S. Pérez, Gregory W. Sanders and John J. Flynn III for Plaintiff and Respondent.

_____

SweetFlower Pasadena, LLC filed a verified petition for writ of mandate and complaint seeking to compel the City of Pasadena to set aside any permits the City had granted to SweetFlower's competitor, Integral Associates Dena, LLC, pertaining to Integral's operation of a retail cannabis store in the City and to obtain a judicial declaration that the City had erred in concluding Integral remained eligible to participate in the permitting process following a material change in its ownership. Integral, named in SweetFlower's petition/complaint as real party in interest, filed a special motion to strike pursuant to Code of Civil Procedure section 425.16.[1]  The trial court denied Integral's motion, concluding none of SweetFlower's claims arose from protected speech or petitioning activity.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Integral's Applications for Cannabis-related City Permits*

According to SweetFlower's petition/complaint, in June 2018 City voters approved two initiative measures to legalize and regulate commercial cannabis businesses within City boundaries. (See Pas. Mun. Code, §§ 5.28.010 et seq., 5.78.010 et seq.,

_____

[1]  Statutory references are to this code unless otherwise stated.

8.11.010 et seq., 17.50.066.)[2]  The initiative measures authorized the City's manager or his or her designee to promulgate the rules and procedures governing the application process for the necessary City permits.

After a detailed vetting process that involved an independent selection committee reviewing and scoring more than 120 applications, in June 2019 the City selected SweetFlower, Integral and four other candidates to apply for a retail cannabis conditional use permit.  Pursuant to the City's procedures, applicants that were successful in obtaining a conditional use permit could then apply for a commercial cannabis permit and related operational permits.  In January 2020 the City approved Integral's application for a conditional use permit.  Sweetflower's application was rejected as incomplete and ultimately denied after Integral and other SweetFlower competitors secured the only available spots for cannabis-related businesses in the City's districts.

On June 18, 2020, after questions emerged whether a change of ownership or control at the selected candidates' businesses during the permitting process should invalidate that applicant's application and continued eligibility to obtain further cannabis-related permits, the city manager, Steven Mermell, issued new rules for reviewing cannabis-related permit applications following a change in a candidate's ownership or management.  The new rules declared that "a material change in either ownership or management during the permitting process

---

[2]  Some of the City's cannabis-related ordinances were amended in November 2021.  Those amendments, the subject of ongoing litigation between Integral and the City in the Los Angeles Superior Court, are not at issue in this appeal.

would undermine the legislative intent in [Pas. Mun. Code] Section 5.78.080[] where qualities specific to both were evaluated and directly impacted the scoring and ranking of permitees as part of the selection process. [Thus,] as a matter of equity to all applicants, a material change in ownership and/or management should be evaluated. [¶] A change in ownership and/or management is not allowed and is considered material where it constitutes a 'change of control.' 'Change of control' shall refer to a transaction whereby a new party acquires a beneficial ownership interest in applicant (or in an existing owner of a beneficial ownership interest in applicant), or a new party is identified as a manager of applicant, such that after such transaction there is a change of identity of the person or entity that has the power to direct or cause the direction of the management and policies of applicant, and therefore would have impacted the substantive scoring of the application such that a different outcome would have been likely."

Under the new rules, in undertaking a review of a change of ownership or management the City compares the "application materials regarding ownership and management submitted at the beginning of the permittee selection process" with "potential evidence of a change of control." "The applicant shall have an opportunity to rebut such evidence, and/or offer evidence of no change of control within 10 days of written notice." "Within 10 days of review of all evidence, the City Manager shall issue a decision in writing as to whether or not any change in ownership and/or management is a change of control and notify the applicant of such conclusion. If there was a change of control, the applicant shall lose the right to proceed through the cannabis permitting process and its application will be rejected."

4

On June 30, 2020 SweetFlower wrote to the City alleging Integral had undergone a material change in ownership and/or management since it filed its screening application. In particular, SweetFlower alleged (1) Alex Yemenidjian, Armen Yemenidjian and Brian Greenspun had owned and/or controlled various entities that, in turn, owned and controlled Integral at the time Integral filed its initial application in January 2019; (2) in June 2019 Green Thumb Industries, Inc., acquired the Yemenidjians' and Greenspun's ownership interests in Integral and its controlling entities; (3) following Green Thumb's acquisition of the Yemenidjians and Greenspun's interests, neither the Yemenidjians nor Greenspun remained significantly involved in the operations of Integral.

Integral responded that the Yemenidjians were still involved in the operations of Integral after the sale of their interests and Greenspun remained available to Integral as a consultant.

In July 2020 the City found no material change of control at Integral and allowed Integral to continue participating in the permitting process to open a cannabis retail store.

2. *SweetFlower's Petition/Complaint*

In October 2020 SweetFlower filed a verified petition for writ of mandate pursuant to sections 1085 and/or 1094.5 and complaint for declaratory relief. In support of its petition, SweetFlower asserted the City had arbitrarily, and without substantial evidence, found Green Thumb's acquisition of the Yemenidjians' and Greenspun's interests had not resulted in a material change of control at Integral. SweetFlower asserted substantially the same allegations to support its claim for a judicial declaration that, based on City rules, Integral's material

change in ownership during the permitting process disqualified it from its participation and rendered any and all cannabis-related permits it received null and void.[3]

### 3. *Integral's Special Motion To Strike*

Integral filed a special motion to strike the petition/complaint under section 425.16. Integral argued SweetFlower's action arose from statements and writings made by Integral in connection with its application for cannabis-related City permits, protected speech or petitioning activity within the meaning of section 425.16, subdivision (e)(1) and (e)(2). In support Integral cited several paragraphs in the petition/complaint and its attached exhibits quoting statements Integral had made in its initial screening application and in its

---

[3] In addition to this lawsuit SweetFlower filed at least three other petitions for writs of mandate involving the City's cannabis-related permit decisions. (See Super. Ct. L.A. County no. 20STCP00038 [challenging the City's denial of SweetFlower's own conditional use permit application] (the SweetFlower permit action); Super. Ct. L.A. County no. 20STCP01048 [challenging the City's approval of a conditional use permit for Harvest of Pasadena LLC, a SweetFlower competitor] (the Harvest action); Super. Ct. L.A. County no. 20STCP01456 [challenging the City's approval of a conditional use permit for Integral] (the Integral permit action).)

SweetFlower dismissed its appeal from the judgment entered against it in the SweetFlower permit action (case no. B312571). Integral has appealed from the trial court's orders denying the special motions to strike it filed in the Integral permit action (case no. B308897); and Harvest has appealed from the trial court's order denying its special motion to strike in the Harvest action (case no. B308645).

responses to City inquiries following Green Thumb's acquisition, primarily that Yemenidjians and Greenspun continued to be involved in the operations of Integral in some meaningful capacity even after Green Thumb's acquisition of their interests. Integral argued these statements—protected activity—formed the basis of SweetFlower's claims. Integral also argued SweetFlower could not demonstrate its action had even minimal merit.

In its opposition SweetFlower argued its claims were directed to the City's arbitrary and flawed decision that no material change of ownership and control at Integral had occurred. The statements highlighted in its petition/complaint supplied evidence relating to the City's arbitrary and unsubstantiated nature of that finding, SweetFlower argued, but none of those statements was the wrong alleged.

The trial court denied Integral's special motion to strike, ruling the causes of action arose from the City's decision following an investigation, not protected speech or petitioning activity. Because Integral failed to carry its threshold burden to demonstrate the claims arose from protected speech or petitioning activity, the court denied Integral's special motion to strike without addressing whether SweetFlower could demonstrate its claims had minimal merit.

Integral filed a timely notice of appeal. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)

## DISCUSSION

1. *Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation: "A cause of action against a person arising from any act of that person in furtherance of a person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); see *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619-620 ["[a] court may strike a cause of action only if the cause of action (1) arises from an act in furtherance of the right of petition or free speech 'in connection with a public issue,' and (2) the plaintiff has not established 'a probability' of prevailing on the claim"].)

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition

8

or the constitutional right of free speech in connection with a public issue or an issue of public interest."

In ruling on a motion under section 425.16, the trial court engages in a now-familiar two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); accord, *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) If the moving party fails to demonstrate that any of the challenged claims for relief arise from protected activity (the first step), the court properly denies the motion to strike without addressing the probability of success (the second step). (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80-81; *Verceles v. Los Angeles United School Dist.* (2021) 63 Cal.App.5th 776, 784.)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at pp. 1062-1063; accord, *Bonni, supra,* 11 Cal.5th at p. 1009.) Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute. A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*); see *Bonni*, at p. 1009 ["[t]he defendant's burden is to identify what acts each challenged claim rests on and to show

9

how those acts are protected under a statutorily defined category of protected activity"]; *Park*, at p. 1060 [same].)

A motion pursuant to section 425.16 need not challenge an entire cause of action as pleaded in the complaint. (*Bonni*, *supra*, 11 Cal.5th at p. 1010; *Baral*, *supra*, 1 Cal.5th at p. 382.) Rather, "courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni*, at p. 1010; accord, *Baral*, at p. 395; *Musero v. Creative Artists Agency, LLC* (2021) 72 Cal.App.5th 802, 815; see *Park, supra,* 2 Cal.5th at p. 1063 [in determining whether a claim arises from protected activity, "courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability"].)

We review do novo an order granting or denying a special motion to strike under section 425.16. (*Wilson, supra,* 7 Cal.5th at p. 884; *Park, supra,* 2 Cal.5th at p. 1067.)

2. *The Court Properly Concluded SweetFlower's Claims Did Not Arise From Protected Speech or Petitioning Activity*

Integral contends SweetFlower's claims are based on documents Integral presented to the City in its initial screening application or in response to the City's requests for further information concerning the change in ownership following Green Thumb's acquisition of the Yemenidjians' and Greenspun's

interests in Integral.[4]  Because those documents/statements were submitted to the City in connection with a matter before the City, by definition, Integral argues, they constitute acts in furtherance of the right to petition or free speech in connection with a public issue.  (§ 425.16, subd. (e)(2); see *Sugarman v. Brown* (2021) 73 Cal.App.5th 152 [documents filed with the Securities and Exchange Commission were protected petitioning and speech activity within the meaning of section 425.16, subdivision (e)(2).)

Integral's entirely accurate characterization of the documents Integral and SweetFlower submitted to the City as protected within the meaning of section 425.16, subdivision (e)(2), satisfies only part of the first step inquiry.  As discussed, to be subject to a special motion to strike, the claim must arise from the protected activity.  (§ 425.16, subd. (b)(1); see *Wilson, supra,* 7 Cal.5th at p. 884 [the protected activity must itself be the wrong complained of and not just evidence of liability]; *Park, supra,* 2 Cal.5th at p. 1060 [same].)

SweetFlower's petition for writ of mandate alleged the City's finding that no change of control at Integral had occurred was arbitrary and unsupported by the evidence.  (See § 1085, subd. (a) [court issues a writ of mandate to compel compliance with the law by "any inferior tribunal, corporation, board, or

---

[4]  Those documents submitted to the City, which are mentioned throughout the petition/complaint, include (1) Integral's initial screening application; (2) a June 6, 2019 letter from Armen Yemenidjian; (3) an April 2020 written statement from Integral's counsel; and (4) statements from Integral on May 6, 2020, June 17, 2020 and June 23, 2020 in response to the City's request for further information.  SweetFlower alleged Integral relied on Integral's statements even when confronted with evidence of their falsity.

person"].)  Its claim for declaratory relief was essentially the same.  The documentation cited throughout SweetFlower's petition/complaint may well provide evidence relating to those claims, but neither the documents, nor the statements Integral's agents made in them, are an element of those claims, let alone the basis for the City's liability.  In short, they are not the wrong alleged.  (See *Park, supra,* 2 Cal.5th at p. 1068 ["Park's complaint is 'based on the act of denying plaintiff tenure based on national origin.  Plaintiff could have omitted allegations regarding communicative acts . . . and still state the same claims'"]; *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 596 [communications from the city "that led to and that followed" the alleged breach—the city's refusal to issue a license—were "merely incidental to the asserted claims" against the city for breach, interference and unfair business practices]; cf. *Rand Resources, LLC v. City of Carson, supra,* 6 Cal.5th at pp. 622-623 [in claim for fraudulent misrepresentation, mayor and city officials' statements are "themselves the 'wrong[s] complained of'"]; *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 425 [distinguishing between complaints against a public entity for "acts of governance" preceding or following statements by government officials, which would not be subject to a special motion to strike, and a complaint against the officials based on their statements themselves, which could be].)

Integral responds that, because SweetFlower's petition/complaint alleged the City relied on Integral's statements in reaching its decision, the City's decision, and Integral's statements, are "inextricably intertwined."  The Supreme Court has soundly rejected such attempts to conflate statements preceding a government decision with the challenge

to the decision itself.  (See *Park, supra,* 2 Cal.5th p. 1070 [rejecting the university's argument that "all aspects of its tenure process, including its ultimate decision, are inextricably intertwined protected activity"]; *id.* at p. 1060 ["a claim is not subject to a [special] motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by speech or petitioning activity"]; see also *Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1211 (*Graffiti Protective*).)[5]

Finally, relying on language in *Rudisill v. California Coastal Com.* (2019) 35 Cal.App.5th 1062, 1075, a case decided by Division Two of this court, Integral contends that, by seeking an order setting aside the cannabis-related permits it received, SweetFlower's petition/complaint is fundamentally a direct attack on its petitioning activity.  (See *ibid.* ["[n]or did Petitioners seek an order directly affecting Real Parties in Interest's participation in the government *process* underlying the government entities' decisions (such as, for example, an order precluding Real Parties in Interest from submitting any further permits"].)  At the threshold, SweetFlower's request for an order to set aside the issuance of a permit, without more, does not make it subject to a special motion to strike.  (See *Shahbazian v. City of Rancho Palos Verdes* (2017) 17 Cal.App.5th 823, 835; cf.

---

[5] That SweetFlower alleged Integral's responses to City inquiries following Green Thumb's acquisition were false, which the City would have discovered had it conducted any investigation, also does not alter our analysis.  Integral is not being sued for its statements.  Rather, SweetFlower sued the City for its governmental decision, the only alleged basis for liability.

13

*Graffiti Protective, supra,* 181 Cal.App.4th at p. 1211.) And, whatever merit there may be to the implication in the *Rudisill* dictum that a petition's request for an injunction preventing further petitioning activity would necessarily subject the petition to a special motion to strike—a proposition about which we have serious doubts[6]—that is not the request here. The petition/complaint challenges the City's decision following its finding; it does not seek an order or injunction prohibiting Integral from engaging in future petitioning activity.[7]

In sum, Integral did not carry its threshold burden to demonstrate SweetFlower's claims arose from protected activity

---

[6] When considering whether a claim arises from protected speech or petitioning activity within the meaning of section 425.16, the focus is on the "'"'acts on which liability is based'"'" (*Bonni, supra,* 11 Cal.5th at p. 1012, italics omitted), not the damages suffered (*Renewable Resources Coalition, Inc. v. Pebble Mines Corp.* (2013) 218 Cal.App.4th 384, 396) or any other type of remedy sought, including an injunction (see *Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1187 [anti-SLAPP motion is properly directed to a cause of action, not the relief sought; an "'[i]njunction relief is a remedy, not a cause of action'"]; *Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162 [same]; see generally *Baral, supra*, 1 Cal.5th at p. 395 [anti-SLAPP motion is properly directed to "allegations of protected activity that are asserted as grounds for relief"; "[t]he targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy," italics omitted].)

[7] SweetFlower's requests for judicial notice of the operative complaints Integral filed in other actions and the minutes of the November 1, 2021 Pasadena City Council meeting are denied as irrelevant. (See *Bacoka v. Best Buy Stores, L.P.* (2021) 71 Cal.App.5th 126, 135.)

under section 425.16.  Accordingly, the trial court did not err in denying the special motion to strike.

## DISPOSITION

The trial court's order denying Integral's special motion to strike is affirmed.  SweetFlower is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.