Filed 5/19/22  Sweetflower Pasadena v. City of Pasadena CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| SWEETFLOWER PASADENA LLC, | B308897 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 20STCP01456) |
| v. | |
| CITY OF PASADENA, | |
| Defendant, | |
| INTEGRAL ASSOCIATES DENA, LLC, | |
| Real Party in Interest and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Carlson & Nicholas and Richard A. McDonald for Real Party in Interest and Appellant.

No appearance for Defendant.

Nossaman, Artin N. Shaverdian, Gabriela S. Pérez, Gregory W. Sanders and John J. Flynn III for Plaintiff and Respondent.

_____

SweetFlower Pasadena, LLC filed a verified petition for writ of mandate and complaint seeking to compel the City of Pasadena to set aside a conditional use permit the City had granted to SweetFlower's competitor, Integral Associates Dena, LLC, and to obtain a judicial declaration that Integral was ineligible for the permits required to open and operate a cannabis retail store in the City. Integral, named in SweetFlower's petition/complaint as real party in interest, filed a special motion to strike pursuant to Code of Civil Procedure section 425.16.[1] The trial court denied Integral's motion, concluding none of SweetFlower's claims arose from protected speech or petitioning activity. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *SweetFlower's Petition and Complaint*

According to SweetFlower's petition/complaint, in June 2018 City voters approved two initiative measures to legalize and regulate commercial cannabis businesses within City boundaries. (See Pas. Mun. Code, §§ 5.28.010 et seq., 5.78.010 et seq., 8.11.010 et seq., 17.50.066.) The approved ordinances authorized the operation of up to six retail cannabis businesses within City limits; included zoning restrictions that required the businesses to be at least 1,000 feet from any other cannabis retailer or cultivation site and 600 feet from specified "sensitive uses," such

_____

[1] Statutory references are to this code unless otherwise stated.

2

as any school, park or childcare center; and limited cannabis retailers to one per city council district. The initiative measures authorized the City's manager or his or her designee to promulgate the rules and procedures governing the application process for the necessary City permits.[2]

a. *SweetFlower's application for a use permit*

After a detailed vetting process, the City selected SweetFlower as one of six eligible candidates to apply for a conditional use permit to operate a cannabis retail store. Because zoning restrictions and other limitations in the initiative measures meant that fewer than six cannabis retailers could operate simultaneously in the City, the City adopted a first-in-line selection procedure for the six candidates to apply for a conditional use permit. Under those rules, permit applications would be processed in the order received, with the first completed application for a permit to operate in a specified council district able to "lock in" the available spot for that district. Any changes to a submitted application would void the previous application, sending the applicant to the back of the line.

SweetFlower was the first candidate to submit its conditional use permit application on June 12, 2019. On June 27, 2019 the City notified SweetFlower its application was incomplete and would not be processed because the location map SweetFlower included had not been prepared by a licensed surveyor, as required by City rules. On June 27, 2019 SweetFlower submitted a second application, this time including

---

[2] Some of the City's cannabis-related ordinances were amended in November 2021. Those amendments, the subject of ongoing litigation between Integral and the City in the Los Angeles Superior Court, are not at issue in this appeal.

3

a certification that its location map had been reviewed by a licensed surveyor.  The City rejected the second application, explaining "reviewed by" a licensed surveyor was not the same as "prepared by" a licensed surveyor.  When SweetFlower submitted its third application on July 3, 2019, the City refused to process it because the City had already approved Integral's application for the same district.

        b. *SweetFlower's petition/complaint*

SweetFlower filed this lawsuit for a writ of mandate pursuant to sections 1085 and/or 1094.5  to compel the City to set aside Integral's conditional use permit.[3]  SweetFlower alleged the City had arbitrarily enforced its own rules by interpreting the requirement of a location map "prepared by a licensed surveyor" liberally for Integral and more strictly for SweetFlower.

SweetFlower also alleged City rules required any cannabis operator that engaged in nonpublic communications with the City during the vetting process be disqualified from eligibility for a conditional use permit; Integral's managing agents privately

---

[3]    In addition to this lawsuit, SweetFlower filed at least three other petitions for writs of mandate involving the City's cannabis-related conditional use permit decisions.  (See Super. Ct. L.A. County no. 20STCP00038 [challenging the City's denial of SweetFlower's own conditional use permit application]; Super. Ct. L.A. County no. 20STCP01048 [challenging the City's approval of a conditional use permit for Harvest of Pasadena LLC, a SweetFlower competitor]; Super. Ct. L.A. County no. 20STCP03212 [challenging the City's rejection of SweetFlower's request that Integral's conditional use permit be set aside based on a material change of control at Integral].)

contacted members of the City's selection committee during the vetting process; and the City failed to disqualify Integral.

In a separate cause of action for declaratory relief, SweetFlower alleged the City had misapprehended the initiative measures, which required the City to deny a conditional use permit for cannabis retail to any applicant who "has been denied a permit or state license to engage in commercial cannabis activity, or has had a permit or state license to engage in commercial cannabis activity suspended and not reinstated, or revoked, by any city, county, city and county, or any other state cannabis licensing authority." (Pas. Mun. Code, § 5.78.100, par. A.) According to SweetFlower, the City interpreted that language to apply to jurisdictions within California. SweetFlower alleged, and sought a judicial declaration that, "any other state cannabis licensing authority" included those in other states and, when so interpreted, made Integral ineligible for a conditional use permit.

In its prayer for relief SweetFlower sought (1) a peremptory writ of mandate ordering the City to set aside its grant of a conditional use permit to Integral; (2) an injunction prohibiting Integral from taking any further action in reliance on the invalid conditional use permit and prohibiting the City from taking any action to process applications by Integral for additional permits based on the noncompliant conditional use permit; (3) a judicial declaration that Integral is ineligible to apply for additional permits based on a noncompliant conditional use permit; and (4) a judicial declaration that the City's business license application, as interpreted by the City, violated the initiative ordinances.

2. *Integral's Special Motion To Strike*

Integral filed a special motion to strike the petition/complaint under section 425.16. Integral argued each claim was based on oral or written statements made in connection with Integral's application for a conditional use permit or the City's protected activity in reviewing and processing Integral's application within the meaning of section 425.16, subdivision (e)(1) and (e)(2). In support of this argument Integral cited paragraphs in the petition/complaint quoting statements by the City's planning director, members of the zoning board and city council members, all of which were made during official proceedings addressing SweetFlower's application and the City's interpretation and application of the licensed surveyor requirement.[4] Integral also cited SweetFlower's allegations that Integral had secretly communicated with the City during the applicant screening process, a rules violation that required the City to disqualify it from consideration for a conditional use permit and the SweetFlower's prayer for relief barring Integral from submitting further permit applications premised on an invalid conditional use permit. Integral also argued SweetFlower could not demonstrate any of its claims had merit.

---

[4] SweetFlower alleged the City's planning director struggled to explain to SweetFlower in a zoning board meeting what "prepared by a licensed surveyor" meant; the chair of the zoning board questioned during that meeting whether other applications by SweetFlower's competitors were incomplete under this standard; and members of the city council cautioned during SweetFlower's administrative appeal that the same "strict standards" should apply to all applications, not just SweetFlower's.

In its opposition to Integral's special motion to strike, SweetFlower argued its claims arose from the City's failure to disqualify Integral and the City's wrongful approval of Integral's conditional use permit—acts of governance—and characterized the quoted statements by City officials and Integral's private contacts with the City as providing context for its claims.

The trial court denied Integral's special motion to strike, ruling the causes of action arose from the City's acts of governance, not the City's protected speech or petitioning activity. Because Integral failed to carry its threshold burden to demonstrate the claims arose from protected speech or petition activity, the court denied Integral's special motion to strike without addressing whether SweetFlower could demonstrate its claims had minimal merit.

Integral filed a timely notice of appeal from the order denying its special motion to strike.

## DISCUSSION

### 1. *Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation: "A cause of action against a person arising from any act of that person in furtherance of a person's right to free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); see *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619-620 ["[a] court may strike a cause of action only if the cause of action (1) arises from an act in furtherance of

the right of petition or free speech 'in connection with a public issue,' and (2) the plaintiff has not established 'a probability' of prevailing on the claim"].)

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

In ruling on a motion under section 425.16, the trial court engages in a two-step process.  "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.  [Citation.]  If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success."  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); accord, *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)  If the moving party fails to demonstrate that any of the challenged claims for relief arise from protected activity (the first step), the court

8

properly denies the motion to strike without addressing the probability of success (the second step).  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80-81; *Verceles v. Los Angeles United School Dist.* (2021) 63 Cal.App.5th 776, 784.)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at pp. 1062-1063; accord, *Bonni, supra,* 11 Cal.5th at p. 1009.)  Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute.  A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*); see *Bonni*, at p. 1009 ["[t]he defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"]; *Park*, at p. 1060 [same].)

A motion pursuant to section 425.16 need not challenge an entire cause of action as pleaded in the complaint.  (*Bonni, supra,* 11 Cal.5th at p. 1010; *Baral, supra,* 1 Cal.5th at p. 382.)  Rather, "courts should analyze each claim for relief—each act or set of acts supplying a basis for relief, of which there may be several in a single pleaded cause of action—to determine whether the acts are protected and, if so, whether the claim they give rise to has the requisite degree of merit to survive the motion." (*Bonni*, at p. 1010; accord, *Baral*, at p. 395; *Musero v. Creative Artists Agency, LLC* (2021) 72 Cal.App.5th 802, 815; see *Park, supra,* 2 Cal.5th at p. 1063 [in determining whether a claim arises from protected activity, "courts should consider the elements of the

challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability"].)[5]

We review do novo an order granting or denying a special motion to strike under section 425.16. (*Wilson, supra,* 7 Cal.5th at p. 884; *Park, supra,* 2 Cal.5th at p. 1067.)

> 2. *The Court Properly Concluded SweetFlower's Claims Did Not Arise From Protected Speech or Petitioning Activity*

SweetFlower's petition for writ of mandate alleged the City violated its own rules when it (1) approved Integral's conditional use permit application despite a deficient location map and (2) failed to disqualify Integral from the applicant pool after Integral made private overtures to the City. SweetFlower's claim for declaratory relief (apart from its request for a judicial declaration concerning the meaning of certain language in the

---

[5] In its written ruling denying Integral's special motion to strike, the court stated, "[T]he true basis for liability and the gravamen of the petition" is the City's acts of governance. Although the court used the term "gravamen," the court's ruling as a whole, including the language immediately preceding the word "gravamen," reflects a proper focus on the basis for the City's liability in accordance with *Baral*, and not on the "gist or essence" of SweetFlower's petition/complaint. (Cf. See *Bonni, supra,* 11 Cal.5th at p. 1012 ["[W]e do not suggest that every court that has continued to label its approach a gravamen test even after *Baral* has erred. Some courts have invoked the term not in the way [defendant] suggests—to determine the essence or gist of a so-called mixed cause of action—but instead to determine whether particular acts alleged within the cause of action supply the elements of a claim [citation] or instead are incidental background"].)

ordinance) was essentially the same.  Integral contends each of these claims arose from protected speech and petitioning activity within the meaning of section 425.16, subdivision (e)(1) and/or (e)(2).

a.  *SweetFlower's claim the City wrongfully approved Integral's conditional use permit*

Integral contends statements by City officials and employees discussing the licensed-surveyor requirement in official meetings are protected as an act in furtherance of a petition and speech activity under section 425.16, subdivision (e)(1), and form the basis for most of SweetFlower's claims.  While Integral is certainly correct that the statements by City officials during official City hearings fit within the definition of protected activity under section 425.16, subdivision (e)(1), it is the City's alleged arbitrary application of its rules in granting Integral's application and denying SweetFlower's, not the City's statements themselves, that is the wrong alleged in SweetFlower's petition/complaint.  (See *Park, supra,* 2 Cal.5th at pp. 1063-1064.)

We addressed a nearly identical issue in *Shahbazian v. City of Rancho Palos Verdes* (2017) 17 Cal.App.5th 823 (*Shahbazian*).  Like SweetFlower, the plaintiffs in *Shahbazian* alleged the City of Rancho Palos Verdes (RPV) had "'acted arbitrarily and engaged in illegal selective enforcement by refusing to strictly enforce and follow its own ordinances with respect to the Hessers while having previously and at the same time strictly enforced such ordinances as to the Shahbazians.'" (*Id.* at p. 828.)  RPV moved to strike the complaint under section 425.16, subdivision (e)(2), contending that claim arose out of statements by public officials in connection with a matter

11

under consideration by RPV. The trial court denied the motion, and we affirmed. We explained the Shahbazians' allegations "ar[o]se from [RPV]'s decisions to grant the Hessers a permit for their wall (allegedly a violation of local laws) and to deny the Shahbazians a permit for their deck. [Citation.] While [RPV]'s decisions followed public hearings at which members of the city council and [public] employees undoubtedly exercised their free speech rights, the Shahbazians' causes of action do not arise from (or even allude to) that speech." (*Id.* at p. 835.)[6]

In contrast to the complaint in *Shahbazian,* SweetFlower's petition/complaint expressly identifies, and at times quotes directly, statements by City agents and officials made at various government hearings. However, none of those statements by the City officials or employees comprises the wrongs alleged—the decision to grant Integral a conditional use permit and to deny the same to SweetFlower. SweetFlower's claim the City failed to hold Integral to the same strict standard as SweetFlower exists independently of any of those statements. (See *Park, supra,* 2 Cal.5th at p. 1068 ["The dean's alleged comments may supply evidence of [discriminatory] animus, but that does not convert the statements themselves into the basis for liability. As the trial court correctly observed, Park's complaint is 'based on the act of denying plaintiff tenure based on national origin. Plaintiff could have omitted allegations regarding communicative acts . . . and still state the same claims'"]; *Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 596 [communications from

---

[6] Integral's failure to address *Shahbazian* in both its opening brief and reply papers is troubling, especially considering SweetFlower's significant reliance on the case in its opposition papers.

the city "that led to and that followed" the alleged breach—the city's refusal to issue a license—were "merely incidental to the asserted claims" against the city for breach, interference, and unfair business practices]; cf. *Rand Resources, LLC v. City of Carson, supra,* 6 Cal.5th at p. 622 [in claim for fraudulent misrepresentation, mayor and city officials' statements are "themselves the 'wrong[s] complained of'"].)

      *Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1211 (*Graffiti Protective*), cited with approval in *Park, supra,* 2 Cal.5th at page 1065, and discussed at length by this court in *Shahbazian, supra*, 17 Cal.App.5th at pages 833 to 834, reached a similar conclusion.  In *Graffiti Protective* the plaintiff filed a petition for writ of mandate asserting the City of Pico Rivera violated its own rules by awarding a contract to the plaintiff's competitor without requiring the competitor to undergo a competitive bidding process.  The City of Pico Rivera filed a special motion to strike the petition, and the trial court granted the motion.  In reversing the trial court's order, the *Graffiti Protective* court explained the complaint did not arise from the City of Pico Rivera's protected activity despite multiple statements by city employees quoted in the petition:  The statements by government officials "assist in telling the story," the court explained, but the claims are based not on those statements but on "state and municipal laws requiring the City [of Pico Rivera] to award certain contracts through competitive bidding."  (*Graffiti Protective,* at pp. 1215, 1224; cf. *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 425 [distinguishing between complaints against a public entity for "acts of governance" preceding or following statements by government officials, which would not be subject to a special

13

motion to strike, and a complaint against the officials based on their statements themselves, which could be].)

Integral's reliance on *Sugarman v. Brown* (2021) 73 Cal.App.5th 152 (*Sugarman*) is misplaced. In *Sugarman* a bank's former board president and chief executive officer sued the bank's lead auditor, among others, contending the auditor's fraudulent misrepresentations attached to the bank's 10-K annual report filed with the Securities and Exchange Commission (SEC) had induced him to hold onto his bank securities. (*Id.* at p. 170.) The auditor filed a special motion to strike, asserting statements made in a report filed with the SEC were protected under section 425.16, subdivision (e)(2), as a statement made in connection with an issue under consideration or review by a government body. The trial court agreed and granted the motion after also finding the plaintiff had not carried his merits burden. Division Eight of this court affirmed the trial court's order, finding, as to the first step of the two-step anti-SLAPP analysis, the representations in the audit report were protected activity, and that the plaintiff's claim for fraud arose from that protected activity. (See *Sugarman,* at p. 173 ["[h]ere, the audit report in the 10-K filing clearly 'forms the basis for' plaintiff's fraudulent inducement claims and "'gives rise to [the auditor's] asserted liability'"'"].)

Integral's characterization of its location map and application to the City for a permit as protected speech and petitioning activity misses the point. Its location map, like the bank's 10-K filing with the SEC in *Sugarman*, may well be speech or petitioning activity, but that is only part of the first-step inquiry. The speech or petitioning activity must also be the wrong alleged. Here, the City's failure to apply its licensed-

surveyor rule equally to all applicants is the basis for the City's liability, not Integral's submission of its map or any statement contained in it.

> b. *The City's failure to disqualify Integral from the applicant pool*

Tacitly acknowledging the City's decision to approve Integral's application for a conditional use permit is not protected activity subject to a special motion to strike, Integral argues SweetFlower's petition/complaint goes "well beyond attacking the decision to approve" Integral's permit application. SweetFlower's petition/complaint also includes a claim the City violated its rules when it failed to disqualify Integral from eligibility after Integral privately contacted City employees on multiple occasions during the screening process. Its private contacts concerning its application, Integral contends, is protected activity within the meaning of section 425.16, subdivision (e)(2).

Even assuming Integral's private inquiries to the City during the initial screening process constituted statements made in connection with an issue under consideration or review by a government body (§ 425.16, subd. (e)(2)), that conduct is not the basis for the City's alleged liability. SweetFlower alleged the City had a duty under its rules to disqualify any applicant that privately contacted the City during the screening process. It is the City's acts (or omissions) of governance, its failure to disqualify Integral, not Integral's private inquiries, that underlie SweetFlower's claim against the City. (See generally *Park, supra,* 2 Cal.5th at pp. 1060, 1063; *Graffiti Protective, supra,* 181 Cal.App.4th at p. 1224.)

c. *SweetFlower's request for relief*

Relying on dicta in *Rudisill v. California Coastal Com.* (2019) 35 Cal.App.5th 1062 (*Rudisill*), a case decided by Division Two of this court, Integral argues SweetFlower's request for an injunction barring Integral from using an invalid conditional use permit to obtain further permits is a direct attack on Integral's petitioning activity that subjects that "claim" to a special motion to strike.  In *Rudisill* petitioners sought a writ of mandate directed to the City of Los Angeles and the California Coastal Commission, challenging various permit decisions and naming several real property developers as real parties in interests.  The developers filed a special motion to strike pursuant to section 425.16.  The superior court denied the motion, ruling the petition for writ of mandate was directed to government decisionmaking, not the protected activity of the developers in seeking the permits.  The superior court also sanctioned the developers for filing a frivolous anti-SLAPP motion, concluding any reasonable attorney would have recognized that the writ petition concerned government decisionmaking, not the protected activities of the developers.  (*Id.* at p. 1069.)

In their appeal from the sanctions order (the developers did not appeal the order denying their anti-SLAPP motion), the developers argued their special motion to strike was not frivolous because they reasonably believed, based on some of the allegations in the petition relating to their piecemeal methods to obtain approvals, the mandamus action had asserted a claim against them for their protected conduct.  The *Rudisill* court held the motion was not frivolous, the only issue before it.  In dicta supporting the superior court's ruling denying the special motion to strike, the *Rudisill* court also observed, in the language

16

Integral emphasizes, that the petitions for writ of mandate did not seek an order directly affecting the developers' participation in the government process "such as, for example, an order precluding [the developers] from submitting any further permits[]." (*Rudisill, supra,* 35 Cal.App.5th at p. 1075.)

Integral argues that, by seeking an injunction barring Integral from obtaining additional permits based on an invalid conditional use permit, SweetFlower has alleged the very claim the *Rudisill* court suggested would be subject to a special motion to strike. Integral reads too much into language that simply recognizes claims of wrongdoing directed to blocking petitioning activity could be subject to a special motion to strike. Here, SweetFlower's request for an injunction, even if directed to Integral,[7] is not based on Integral's alleged liability. (See *Bonni, supra,* 11 Cal.5th at p. 1012 [when considering whether a claim arises from protected speech or petitioning activity within the meaning of section 425.16, the focus is on the ""*acts on which liability is based*""].) The request for a remedy alone, unsupported by a claim for liability, may well be subject to some other challenge,[8] but it does not create a claim where there is not one, let alone subject the remedy to a special motion to strike. (See *Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1187 [anti-SLAPP motion is properly directed to a cause of

---

[7]     SweetFlower has now clarified its request for an injunction is directed to the City only, not to Integral.

[8]     SweetFlower's request for injunctive relief, to the extent it encompasses Integral's activities without any concomitant allegations of Integral's liability, is certainly questionable and may well be an appropriate target of a traditional motion to strike by Integral.

action, not the relief sought; "'[i]njunctive relief is a remedy, not a cause of action'"]; *Marlin v. Aimco Venezia, LLC* (2007) 154 Cal.App.4th 154, 162 [same].)[9]

In sum, Integral did not carry its threshold burden to demonstrate SweetFlower's claims arose from protected activity under section 425.16.  Accordingly, the trial court did not err in denying the special motion to strike.

## DISPOSITION

The trial court's order denying Integral's special motion to strike is affirmed.  SweetFlower is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.          FEUER, J.

---

[9]     Although *Guessous v. Chrome Hearts, supra,* 179 Cal.App.4th 1177, and this division's opinion in *Marlin v. Aimco Venezia, LLC, supra,* 154 Cal.App.4th 154, were decided before *Baral, supra,* 1 Cal.5th 376, the distinction in those cases between the wrong alleged and the remedy sought remains valid post-*Baral*:  It is the claim, not the remedy, to which an anti-SLAPP motion is properly directed.  (See *Baral,* at p. 395 [anti-SLAPP motion is properly directed to "allegations of protected activity that are asserted as grounds for relief"; "[t]he targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy'"], italics omitted.)